ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 19 2011

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANGELA J. MCGRADY | § | |
| VS. | § | ACTION NO. 4:10-CV-023-Y |
| MICHAEL J. ASTRUE | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

The plaintiff, Angela J. McGrady ("McGrady"), filed applications for Title II disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") payments under Title XVI on May 21, 2008, alleging a disability onset date of January 1, 2009.[1] (Transcript ("Tr.") 16, 44-47, 110.) After her application was denied initially and on reconsideration, McGrady timely requested a hearing before an administrative law judge ("ALJ") and a hearing was held in Houston, Texas before ALJ Larry C. Marcy on April 22, 2009. (Tr. 24-43.)

In her application, McGrady claimed disability due to carpal tunnel syndrome, obesity, and a broken collar bone. (Tr. 16, 44-47, 110.) On July 8, 2009, the ALJ issued a decision finding that she was not disabled. (Tr. 16-23.) On December 11, 2009, the Appeals Council denied McGrady's request for review. (Tr. 1-4.) McGrady subsequently filed the instant action in federal court on January 14, 2010. (doc. #1.)

---

[1] McGrady's last insured date for Title II purposes is September 30, 2013, meaning that she must establish disability on or before that date in order to be entitled to a period of disability and DIB. 42 U.S.C. §§ 416(i)(3) and 423(c)(1).

## II. STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972.

Second, the claimant must have an impairment or combination of impairments that is severe. An impairment or combination of impairments is not severe if it has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). At the third step, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(f), 416.920(f); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999).

At steps one through four, the burden of proof rests upon the claimant to show that he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five of the process to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley*, 197 F.3d at 198; *see also Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Commissioner meets this burden, the claimant must then prove that he cannot, in fact, perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716,

718 (5th Cir. 2002). A denial of benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). The Court must, however, carefully scrutinize the record to determine if the evidence is present.

### III. ISSUES

McGrady, who is proceeding *pro se*, presents the following issues:

1. Whether the ALJ properly evaluated the medical opinions of record; and

2. Whether the ALJ properly evaluated McGrady's credibility.

(Plaintiff's Brief ("Pl. Br.") at 2-5.)

### IV. ADMINISTRATIVE RECORD

#### A. Factual Background

McGrady was born on November 21, 1978. (Tr. 44.) She has a high school diploma and past relevant work experience as a nurse assistant, a telephone/cell phone inspector, and an appointment clerk. (Tr. 27-29, 41.) McGrady did not engage in substantial gainful activity from January 1, 2008 through the date of the ALJ's decision. (Tr.18, citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*)

#### B. Administrative Record

At her hearing before the ALJ, McGrady was represented by an attorney and testified on her own behalf. (Tr. 10, 21.) An impartial vocational expert ("VE") also testified. (Tr. 27.) McGrady

testified that she quit her last job as a cell phone inspector because she was dropping phones due to numbness and cramps in her hands. (Tr. 29.) She further testified that she had hand surgery in October 2008 and had difficulty with opening jars and handling keys. (Tr. 32-34.) She told the ALJ that she had a second hand surgery in January 2009 but that it was not successful. (Tr. 36.) The ALJ posed a hypothetical question to the VE asking whether a person with McGrady's age, education, and work experience who was limited to medium work, with carpal tunnel syndrome in both hands, and manipulative limitations of no constant handling, fingering or feeling, could perform McGrady's past relevant work. (Tr. 42.) The VE responded that such a person was capable of performing all of McGrady's past relevant work. (*Id.*) The VE further testified that McGrady's past relevant work as a nurse assistant required overhead reaching. (*Id.*) The ALJ posed a second hypothetical question which had the same parameters as the first, except that the ALJ restricted the person to occasional handling, fingering or feeling. (*Id.*) The VE responded that such an individual would be precluded from all of McGrady's past relevant work. (Tr. 42.)

### C. The ALJ's Decision

In making his decision, the ALJ performed the five-step sequential evaluation process for determining whether a person is disabled. (Tr. 16-23.) At step one, the ALJ found that McGrady meets the disability insured status requirements of the Social Security Act through September 30, 2013. (Tr. 18.) He also found that she had not engaged in substantial gainful activity from January 1, 2008, her alleged onset date, through the date of his decision. (*Id.*, citing 20 C.F.R. § 404.1571 *et seq.* and 416.920(c).

At step two, the ALJ determined that McGrady had the severe impairments of 1) bilateral carpal tunnel syndrome, status-post bilateral carpal tunnel release; 2) a history of clavicle fracture; and 3) obesity. (*Id.*, citing 20 C.F.R. § 404.1520(c) and 416.920(c).) The ALJ continued to step three, finding that McGrady did not have an impairment or combination of impairments that met or equaled a listing at step three of the disability analysis. (Tr. 19, citing 20 C.F.R. Part 404, Subpart

P, Appendix 1.) The ALJ found that McGrady's subjective complaints were not fully credible. (Tr. 20.) He determined that McGrady had the residual functional capacity ("RFC") to perform medium work that did not require constant handling, fingering, and bilateral feeling, and which did not require any overhead work. (Tr. 19.)

At step four, the ALJ determined that McGrady was able to perform her past relevant work as a cell phone inspector and appointment clerk as actually performed by her and as that work is generally performed in the national economy. (Tr. 22.) Ultimately, the ALJ concluded that McGrady was not disabled within the meaning of the Act at any time from her alleged date of onset through the date of the decision. (Tr. 23.)

## V. DISCUSSION

### A. Whether the ALJ properly evaluated the medical opinions of record.

McGrady first asserts that the ALJ failed to properly evaluate the opinions of Dr. Farooq Selod ("Selod"), Dr. Clarence Brooks ("Brooks"), and physicians from John Peter Smith Hospital ("JPS"). (Pl. Br. at 3.)

An ALJ assigns controlling weight to the opinions of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). But the determination of disability always remains within the province of the ALJ, and the ALJ may decrease the weight assigned to a treating physician's opinion for good cause, which includes disregarding statements that are brief and conclusory, unsupported by acceptable diagnostic techniques, or otherwise unsupported by the evidence. *Leggett*, 67 F.3d at 566; *Greenspan*, 38 F.3d at 237; *see also* 20 C.F.R. § 404.1527(e).

With respect to Selod, who did not issue a disability opinion, his diagnosis of a fractured left clavicle on July 12, 2004 was made more than three years before McGrady's alleged onset date of disability of January 1, 2008. (Tr. 16, 154-55.) Such evidence is well outside the relevant period for proving disability. (Tr. 154-55.) Brooks likewise did not issue an opinion regarding disability,

- 5 -

and his examinations of McGrady took place in 2004 and 2005, well before the relevant time period for her disability claim. (Tr. 113, 114, 162-73.)

As for the opinions of the JPS physicians, the ALJ specifically referenced their reports from the relevant time period in his opinion. (Tr. 21.) In September 2008, Dr. Patrick Wright, M.D. ("Wright") noted positive Tinel's and Phalen's tests at the carpal tunnel bilaterally and recommended right carpel tunnel release surgery and simultaneous injection of the left carpal tunnel. (Tr. 200-01.) McGrady underwent such surgery in October 2008 and Wright noted no complications. (Tr. 205.) One month after the surgery, Dr. Nolan Malthesen, M.D. ("Malthesen") noted that McGrady had negative results for Tinel's and Phalen's tests bilaterally, but she was requesting to have her left carpal tunnel released. (Tr. 286.) None of the JPS physicians' reports cited by McGrady opined or advised of any work restrictions or limitations for her. Thus the ALJ properly considered their reports, which supported his ultimate determination that she was not disabled.

McGrady is required to establish that she suffered from impairments of disabling severity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). "The mere presence of some impairment is not disabling per se." *Id.* Rather, McGrady must demonstrate that she "was so functionally impaired ...that she was precluded from engaging in any substantial gainful activity." *Id.* McGrady has failed to meet her burden, and the Court finds that the ALJ properly evaluated the medical opinions of record.

### B. Whether the ALJ properly evaluated McGrady's credibility.

McGrady next claims that the ALJ failed to adequately evaluate her pain. (Pl. Br. at 3-6.) The Court construes this complaint as it is set forth in McGrady's brief as a complaint that the ALJ failed to properly evaluate McGrady's credibility. (*Id.*) Specifically, she contends that the ALJ should have found that her neck, back, and knee pain along with pain from carpal tunnel syndrome and clavicle disfigurement were disabling. (*Id.*)

An ALJ is not required to give subjective evidence precedence over objective evidence. *See Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988) (citations omitted). Rather, the ALJ's evaluation of the credibility of an individual's complaints of pain is used to resolve conflicts between the subjective evidence and the medical evidence. *Id.* The record is clear that the ALJ considered a number of factors, including: (1) findings from medical examinations, (2) the fact that no treatment records exist after January 2009 to support her continued reports of pain, and (3) McGrady's own report of her daily activities in determining that her subjective complaints were not credible to the extent she claimed. (Tr. 18-23.) Thus, the ALJ clearly indicated the credibility choices he made and the basis he used for making those choices. *See Hollis*, 837 F.2d at 1385; *see also* 20 C.F.R. § 404.1529 (ALJ will consider the extent to which claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence); Social Security Ruling 96-7p (discussing factors used in credibility determination).

First, the ALJ found that the medical evidence showed that McGrady's impairments were not totally disabling. (Tr. 19-23.) There is substantial evidence in the record to support his choice to credit the medical records over McGrady's subjective testimony. These medical records include physical examinations and records that revealed 1) normal spine curvatures with a normal range of motion in the cervical spine, (2) the ability to rise from a chair and walk without assistance, (3) a lack of swelling, effusion, redness or joint deformity in the knees, (4) no atrophy, (5) normal muscle tone and mass in all extremities, and (6) negative results for Tinel's and Phalen's tests post-surgery. (Tr. 187-89.) Moreover, there is no evidence in the record that any physician opined that McGrady was unable to work because of her impairments. (Tr. 22.) The Fifth Circuit Court of Appeals has held that an ALJ's determination of nondisability is supported when no physician of record states that the claimant is disabled. *Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).

Second, the ALJ considered McGrady's daily activities. For instance, she reported to one physician that she had the ability to perform personal hygiene, button shirts, pick up small objects, walk two blocks, do minimal household chores, and squat to some extent. (Tr. 185.) An ALJ may

discredit subjective complaints in light of contradictory medical reports or daily activities. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). Thus the ALJ's determination that McGrady's daily activities discredited her allegations of disabling impairments is supported by substantial evidence. *See, e.g., Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992) (noting that the claimant engaged in a variety of activities, including bathing herself, preparing food, and operating a vehicle).

Finally, the ALJ noted that there were no treatment records following her January 2009 surgery to support her allegations of continued pain. (Tr. 21-22.) McGrady has attached a number of exhibits to her brief as evidence that she sought treatment following her left carpal tunnel release surgery in January 2009. While the Court may not issue factual findings on new evidence, it may review the evidence to determine whether the case should be remanded to the Commissioner of Social Security for consideration of the new evidence. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir.1989). The Court may only remand "upon a showing that there is new evidence which is material *and* that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g)(19) (emphasis added).

Exhibit 1-A is an assessment from Dr. Michael Yu, M.D. ("Yu") given on October 27, 2009, six months after McGrady's hearing before the ALJ. There is nothing in Yu's assessment indicating that he examined McGrady during the relevant time period. Thus the Court need not consider Yu's report. Also included are Exhibits 2-A-C, radiology reports which are cumulative of evidence already in the record, none of which indicate that she is disabled or that she has additional limitations not included in the ALJ's RFC assessment. Finally, documents labeled Exhibits 3-A-H are dated July 13, 2010, over a year after McGrady's hearing before the ALJ and well outside the relevant time period.

The new evidence submitted by McGrady is not material because it is cumulative and/or does not relate to the relevant time period. *See Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir.1994). She

has also failed to show good cause for her failure to obtain and submit this evidence previously. *See Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir.1989). Thus the evidence is immaterial to the Court's opinion.

McGrady has failed to meet her burden of proof in the first four steps of the sequential evaluation process.[2] *Crowley*, 197 F.3d at 198; *see also Greenspan*, 38 F.3d at 236. She has failed to show she was unable to perform her past relevant work during the relevant time period on a sustained basis. An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence also supports the conclusion that was reached by the ALJ. *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009) (citations omitted). The ALJ's determination that McGrady was capable of performing her past relevant work on a sustained basis is supported by substantial evidence.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. Thus the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommenda-

---

[2] McGrady also includes one sentence on page six of her brief arguing that her bilateral carpal tunnel syndrome meets the severity requirements of listing 1.02. The Court assumes that McGrady is referring to Listing 1.02.B, which pertains to major joint dysfunction. *See* 20 C.F.R. Pt. 404 Subpart P, Appendix 1, § 1.02B. The medical evidence in the record, previously discussed by the Court, does not support such a finding and McGrady has failed to point to any evidence in the record that would support such a finding. Moreover, there is no evidence in the record that any physician found any limitations regarding McGrady's fine manipulations or gross movements. Thus, McGrady has failed to meet the requirements of Listing 1.02B. (Tr. 188, 286.)

tion is **February 2, 2011**. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until **February 2, 2011** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.


**SO ORDERED.**
**January 19, 2011**

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/cak